UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        |
THAI-LAO LIGNITE (THAILAND) CO., LTD. &  |
HONGSA LIGNITE (LAO PDR) CO., LTD.,     |
        |
        Petitioners,        |      11 Civ. 4363 (KMW)
   -against-        |
        |      **OPINION & ORDER**
GOVERNMENT OF THE LAO PEOPLE'S     |
DEMOCRATIC REPUBLIC,                     |
        |
        Respondent.    |
        |
------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Pursuant to 28 U.S.C. § 1782, Thai-Lao Lignite (Thailand) Co., Ltd. and Hongsa Lignite (LAO PDR) Co., Ltd., (collectively, "Petitioners") seek discovery from Respondent, the Government of the Lao People's Democratic Republic ("Laos") in aid of a foreign proceeding. (Dkt. No. 2.)  Although Laos does not oppose the motion, the Court lacks jurisdiction to compel it to produce discovery.  Accordingly, the Court DENIES Petitioners' motion.

**I. BACKGROUND**

      On November 9, 2009, Petitioners won an arbitration award (the "Award") against Laos in connection with a contractual dispute.  (Pet'rs. Mot. for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 ("Pet'rs Mot.") at 1.)  The Award was issued in Kuala Lumpur, Malaysia.  (*Id.*)  On July 15, 2010, Petitioners commenced an ex parte exequatur proceeding in the Paris Court of First Instance (the "Paris proceeding") to confirm the Award pursuant to the United Nations Convention on the Recognition of Foreign Arbitral Awards, June

10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997.[1] (*Id.* at 1-2.) On August 4, 2010, the court presiding over the Paris proceeding entered an exequatur order, which recognized the validity of the Award and permitted Petitioners to initiate steps to freeze Respondent's assets in France in order to enforce the Award. (*Id.* at 3-4.) However, according to Petitioners, French law does not provide any judicial mechanisms for the holder of an exequatur order to obtain discovery of assets that may be subject to execution. (*Id.* at 4.) Therefore, Petitioners request that this Court facilitate such discovery by compelling Respondent to produce various witnesses and documents relevant to Respondent's assets in France, pursuant to 28 U.S.C. § 1782.[2]

## II. ANALYSIS

28 U.S.C. § 1782(a) authorizes a federal district court to assist a foreign or international tribunal, or a person interested in a proceeding before such a tribunal, to obtain testimony, documents, or other discovery in aid of the proceeding. The statute provides, in relevant part: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a . . . request made by a foreign or international tribunal or upon the application of any interested person . . . ." 28 U.S.C. § 1782(a) (2012).

A district court is authorized to grant a request made pursuant to the statute when: (1) the person from whom the discovery is sought resides or is found in the district in which the district

---

[1] Petitioners commenced a parallel proceeding to confirm the Award in this Court. On August 3, 2011, the Court granted Petitioners' motion to confirm the Award. *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10 Civ. 5256, 2011 WL 3516154 (S.D.N.Y. Aug. 3, 2011). That Opinion and Order, familiarity with which is assumed, provides a full account of the dispute underlying the arbitration.

[2] Petitioners have also commenced enforcement proceedings in this Court, which are still ongoing.

court is located; (2) the discovery is for use in a foreign or international tribunal; and (3) the request is made by such a tribunal or a person interested in the proceeding.  *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).  A district court has "wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems."  *In re Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996) (per curiam); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 266 (2004) ("§ 1782 authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad.") (alteration in original).

In this case, whether the Court may grant Petitioners' motion turns on whether a foreign government is a "person" from whom discovery may be sought under 28 U.S.C. § 1782.  Although the Supreme Court has not addressed the issue, its longstanding interpretative presumption that the word "person" in a statute does not include a sovereign, absent affirmative evidence of inclusory intent, is instructive.  *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 1858, 1866-67 (2000).  The Supreme Court has identified various ways in which inclusory intent may be inferred, including "'[t]he purpose, the subject matter, the context, the legislative history, [or] the executive interpretation of the statute . . . .'"  *Int'l Primate Prot. League v. Adm's of Tulane Educ. Fund*, 500 U.S. 72, 83 (1991).

In *Al Fayed v. Cent. Intelligence Agency*, 229 F.3d 272 (D.C. Cir. 2000), the District of Columbia Circuit ("the D.C. Circuit") analyzed, as an issue of first impression, whether a foreign government is a "person" within the meaning of 28 U.S.C. § 1782.  This Court finds the *Al Fayed* analysis persuasive and agrees that a foreign government does not constitute a "person" from whom discovery may be sought pursuant to 28 U.S.C. § 1782; *see also McKevitt v.*

*Mueller*, 689 F. Supp. 2d 661, 668 n.1 (S.D.N.Y. 2010) (Koeltl, J.) ("The Government is not a 'person' under § 1782 and therefore cannot be compelled to provide documents for use in foreign litigation." (citing *Al Fayed v. Cent. Intelligence Agency*, 229 F.3d 272 (D.C. Cir. 2000))).

In *Al Fayed*, Petitioner requested that the district court issue a subpoena to the Central Intelligence Agency ("CIA") for documents relating to an automobile crash that was the subject of a French investigation. Although it initially issued the subpoena, the district court subsequently granted the CIA's motion to quash it, on the ground that the federal government was not a "person" subject to subpoena within the meaning of 28 U.S.C. § 1782.

On appeal, the D.C. Circuit affirmed. The *Al Fayed* Court found no affirmative evidence from the statute's purpose or legislative history that would "disturb the [Supreme Court's] presumption that 'person' excludes the sovereign." *Id.* at 276. It noted that even when the statute's purpose is construed broadly—as "providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects and thereby inviting foreign countries similarly to adjust their procedures"—those goals fail to indicate "whether Congress intended, in pursuit of those goals, to impose responsibilities and burdens on federal agencies." *Id.*[3]

---

[3] Because 28 U.S.C. § 1782 expressly directs application of the Federal Rules of Civil Procedure, the *Al Fayed* Court also analyzed the statute in light of Rule 45, which governs the issuance and enforcement of subpoenas. The *Al Fayed* Court concluded that it was unclear whether the word "person" as it is used in Rule 45 applied to sovereigns, and that even if it did, the Federal Rules cannot create an independent basis for jurisdiction. 229 F.3d at 275-76. In a subsequent case, and consistent with Second Circuit authority, the D.C. Circuit held that the word "person" in Rule 45 does encompass sovereigns. *Yousuf v. Samantar*, 451 F.3d 248 (2006). However, as the *Al Fayed* Court predicted, that decision is of little importance because the district court must have an independent basis for jurisdiction under 28 U.S.C. § 1782 before the Federal Rules become operative.

The *Al Fayed* Court further noted that the Dictionary Act, 1 U.S.C. § 1, further supported its holding that the statute did not intend to include sovereign governments in its purview.  The definitions contained in the Dictionary Act govern the meaning of statutes "unless the context indicates otherwise."  1 U.S.C. § 1 (2006).  The Dictionary Act defines the word "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals," *id.*, but does not mention sovereigns or their agencies.  The Supreme Court has held that, where a statute either does not define the term "person" or expressly provide that the term extend to sovereign governments, Congress' failure to include sovereigns in the Dictionary Act definition of the word means that the statute will not be construed to include governments.  *United States v. United Mine Workers of America*, 330 U.S. 258, 275 (1947) ("In common usage [the] term ["person"] does not include the sovereign, and statutes employing it will ordinarily not be construed to do so. . . .")  28 U.S.C. § 1782 neither defines the term "person" nor expressly extends that term to include sovereign governments.  Therefore, the Dictionary Act requires that the statute be interpreted to exclude sovereign governments.  *See Al Fayed*, 229 F.3d at 274.

Here, Petitioners seek to compel discovery from Laos.[4]  Because Laos is a foreign government, it is not subject to 28 U.S.C. § 1782 and cannot be compelled by this Court to produce witnesses, documents, or any other discovery materials.

---

[4] Petitioners also request discovery from corporations that are wholly owned by Laos, which they claim are either alter egos or organs of the Lao government.  Because Petitioners allege that these entities are indistinguishable from the Lao government, the Court treats them as government agencies that are not "persons" within the meaning of 28 U.S.C. § 1782.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioners' motion for assistance in aid of a foreign proceeding. (Dkt. No. 2.) The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
       March 19, 2012

_____
Kimba M. Wood
United States District Judge

6